**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**March 30, 2023**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP177**

Cir. Ct. No. **2021SC5797**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

BJ & TT GOLL REV. TR.,

PLAINTIFF-RESPONDENT,

V.

PAUL PENKALSKI,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Dane County: JUAN B. COLÁS, Judge. *Affirmed*.

¶1 FITZPATRICK, J.[1] The BJ & TT Goll Revocable Trust (the "Goll Trust") brought an eviction action against Paul Penkalski in the Dane County

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Circuit Court. The circuit court granted the eviction after a trial. Penkalski appeals, and I affirm the judgment and order of the circuit court.[2]

## BACKGROUND

¶2 For several years, Penkalski was a tenant of the Goll Trust in a two-story house. Another tenant lived in the other story of the house.

¶3 Penkalski had a written lease for the apartment for the time period from August 15, 2020, to August 14, 2021. In December 2020, the Goll Trust, through its property manager, Apex Property Management, Inc. ("Apex"), sent Penkalski a letter regarding a lease renewal.

¶4 The letter stated, in relevant part, "To accept this new lease[,] please email back that you would like to renew according to these terms." The letter also stated to Penkalski that, if he opted to renew his tenancy, he would receive a new lease to sign electronically or, if he preferred, he could sign a paper copy of the new lease. Also in December 2020, Penkalski wrote to the property manager, "I've decided to renew for another year according to the terms in the renewal email. DocuSign will be fine, so you can send that at your convenience." However, Penkalski never signed another lease with the Goll Trust.

¶5 Starting in December 2020 and continuing to January 2021, Penkalski complained to Apex and the Madison Police Department about his

---

[2] The Goll Trust notes that Penkalski's appendix filed in this court is not in proper form because, within the appendix, Penkalski has typed out what he claims are portions of the record. Penkalski asserts that this observation from the Goll Trust is "bizarre." No, it isn't. As an example, the Rules of Appellate Procedure require that the trial transcript pages from the court reporter be in the appendix rather than Penkalski's typed version of the transcript. *See* WIS. STAT. § 809.19(2)(a). The Goll Trust was correct to note Penkalski's error.

allegations regarding noise purportedly made by the other occupant of the building. Apex investigated and, in effect, concluded that there was not much substance to Penkalski's complaints about the neighbor. In February 2021, Apex informed Penkalski that his lease would not be renewed. This decision was based in part on complaints about Penkalski made by prior tenants of the other apartment in the building, Penkalski's harassing behavior towards those tenants, and high tenant turnover in the other apartment in the building where Penkalski resided.

¶6 At the end of the lease term on August 14, 2021, Penkalski held over in the apartment by paying rent for the month of August, and he continued to reside there. Penkalski ceased paying rent in September 2021 and, through the date of the trial in this matter, did not pay any more rent. Near the end of October 2021, the Goll Trust served Penkalski with a 28-day notice terminating his tenancy which required him to vacate the apartment no later than November 30, 2021. Penkalski did not move out, and the Goll Trust commenced an eviction action on December 1, 2021.

¶7 Both parties presented evidence at the January 21, 2022 trial. At the end of the trial, the circuit court granted the Goll Trust's request for an eviction and later signed a writ of restitution. Penkalski appeals.

¶8 Other material facts will be mentioned in the following discussion.

**DISCUSSION**

¶9      Penkalski raises a number of issues on appeal.  None of the issues form a basis to reverse the circuit court's rulings.[3]

¶10     First, Penkalski argues that the circuit court erred in not appointing counsel for him in this eviction action when requested.  However, Penkalski cites no authority requiring any Wisconsin court to appoint counsel for him in an eviction action.  Without any authority to support his request, Penkalski's argument regarding appointment of counsel fails.

¶11     Second, Penkalski argues that his due process rights were violated by the circuit court because he did not appear at the trial in the courtroom and, instead, appeared virtually.  This argument fails for several reasons.  The order from the court setting the case for trial allowed parties to appear virtually but did not require it.  Indeed, it was Penkalski himself who asked to appear virtually rather than in the courtroom for the trial.  Penkalski did not object at the time of the trial to the Goll Trust appearing in the courtroom through its attorney and witness.  As a result, Penkalski forfeited this argument because he did not preserve the argument in the circuit court.  *See* *State v. Huebner*, 2000 WI 59, ¶12, 235 Wis. 2d 486, 611 N.W.2d 727.  Also, on appeal, Penkalski fails to raise any viable assertion as to how he was prejudiced by appearing virtually.  *See* WIS. STAT.

---

[3] It may be that, because of the winding allegations in Penkalski's briefs filed in this court, a portion of an undeveloped argument is not expressly referenced in this opinion. To the extent that an undeveloped argument may exist that I have not explicitly referenced, any such argument is rejected as undeveloped. *See* *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

4

§ 805.18(2) (stating that an error by a circuit court is not a basis for a new trial unless it has affected the substantial rights of a party).[4]

¶12     Third, Penkalski argues that his due process rights were violated based on the order of presentation of witnesses and the questioning of witnesses. This argument from Penkalski is certainly hard to follow. It appears that he complains that the circuit court did not let him both cross-examine a witness and at the same time make argument during the cross-examination about his own views of the witness's testimony. The circuit court had the authority to establish the procedure to be followed for the presentation of evidence and arguments at the trial. *See* WIS. STAT. § 799.209(4). The circuit court's rulings requiring Penkalski to ask questions of the witness while not at the same time making comments about the veracity of the witness's testimony was more than reasonable in these circumstances. As a result, this argument also fails.[5]

¶13     Fourth, Penkalski complains that the Goll Trust did not respond to his discovery requests to his satisfaction. The initial weakness in Penkalski's argument is that the discovery requests were served less than 30 days before trial and, in light of the fact that the Goll Trust had 30 days to respond, the Goll Trust had no obligation to respond to the discovery requests before the trial started. As a result, the fact that the responses given to Penkalski by the Goll Trust were not to

---

[4] To be clear, I am not concluding that there was any error on the part of the circuit court. The point is that Penkalski has not shown how he was prejudiced by appearing virtually rather than in the courtroom for the trial.

[5] I have reviewed carefully the transcript of the trial, the numerous motions filed in the circuit court by Penkalski, and the circuit court's orders. The record establishes that Judge Colás patiently and professionally handled the trial of this matter and the numerous motions filed by Penkalski before and after the trial (most of which duplicated previous arguments the circuit court had already rejected) and clearly explained his rulings.

Penkalski's satisfaction does not make a difference in these circumstances. Related to the discovery issue, Penkalski argues that the circuit court should have postponed the trial further at his request so that discovery could be answered. But, Penkalski gives no viable argument as to why the circuit court erroneously exercised its discretion in failing to grant another continuance of the trial date. Just as importantly, Penkalski does not describe what was in the discovery requests other than general statements that the requests were "relevant." Accordingly, his generalized and conclusory complaints about the discovery requests and information those may have elicited fail to establish that responding to the discovery requests (with yet another continuance of the trial date) would have made any difference to the result at trial. *See* **Pettit**, 171 Wis. 2d at 646; WIS. STAT. § 805.18(2).

¶14　Fifth, Penkalski argues that the circuit court erred in finding that no new rental contract was entered into by the parties for the time period after August 2021 and that, by his holding over, Penkalski and the Goll Trust entered into a month-to-month periodic tenancy. More specifically, Penkalski asserts that the circuit court should have believed the evidence he presented rather than the evidence presented by the Goll Trust on these issues. WISCONSIN STAT. § 805.17(2) states that a circuit court's findings of fact will not be overturned on appeal unless those are "clearly erroneous." The record establishes that the circuit court carefully considered the evidence presented at the trial and ruled in favor of the Goll Trust on these issues based on its findings of fact. In doing so, the circuit court rejected Penkalski's view of the evidence presented at the trial. There is no valid basis to overturn the findings of fact of the circuit court on these issues, and Penkalski's argument fails for that reason.

¶15 Finally, at the trial Penkalski asserted that the eviction brought by the Goll Trust was retaliatory and, as a result, should not be granted under Wisconsin law. As with the issues mentioned immediately above, the circuit court carefully weighed the evidence and determined through its findings of fact that there was insufficient evidence presented by Penkalski that this was a retaliatory eviction. On appeal, Penkalski makes no viable argument that the circuit court's findings of fact on the question of a retaliatory eviction are clearly erroneous. *See* WIS. STAT. § 805.17(2). For that reason, this argument also fails.

## CONCLUSION

¶16 For the foregoing reasons, the judgment and order of the circuit court are affirmed.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

7